IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES E. VAN HOUTEN,**                )
                                        )
        **Plaintiff,**              )
                                        )
v.                                      )
                                        )         No. 06-3102–CM
                                        )
**HIXON, et al.,**                      )
                                        )
        **Defendants.**            )
                                        )

## MEMORANDUM AND ORDER

Plaintiff James Van Houten brings this pro se civil rights action against defendants— (fnu) Hixon, (fnu) Hydecker, (fnu) Cline, (fnu) Stevens, (fnu) Galloway, (fnu) Smith, (fnu) O'Kelly, and (fnu) Dragoo—who are employees of the Kansas Department of Corrections. Plaintiff is an inmate in El Dorado Correctional Facility. Pending before the court is Defendants' Motion for Dismissal (Doc. 29). Because plaintiff failed to exhaust his administrative remedies, defendants' motion is granted.

## I. STANDARD OF REVIEW

This district considers motions to dismiss for failure to exhaust administrative remedies equivalent to motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *Strope v. Roper*, No. Civ.A. 01-3009, 2005 WL 1799214, at *3 (D. Kan. July 13, 2005). A court will grant a Rule 12(b)(6) motion to dismiss only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v.*

*Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fiztgerald*, 457 U.S. 800 (1982).

Plaintiff must have exhausted his available administrative remedies before filing this action. This requirement comes from the Prison Litigation Reform Act ("PLRA").  42 U.S.C. § 1997e(a); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust administrative remedies."  *Jernigan*, 304 F.3d at 1032 (citation omitted).

The burden of pleading exhaustion of administrative remedies belongs to the inmate.  *Strope*, 2005 WL 1799214 at *4.  To satisfy this burden, the inmate "must do more than allege that he has exhausted his administrative remedies"; he must attach copies of applicable administrative dispositions or sufficiently describe the administrative proceedings.  *Id.*  (citations omitted).

## II. FACTUAL BACKGROUND[1]

Plaintiff alleges that on September 27, 2004, defendants attacked him while he was being placed in a restraint chair. During the attack, defendants choked, punched, and grabbed plaintiff while cursing at him.  Plaintiff states that he now "fear[s] for [his] life."  Although plaintiff claims that he exhausted his administrative remedies, his complaint does not include any documents from any administrative proceeding.  Instead, plaintiff references his complaint in another case, *Van Houten v. Hixon*, No. 05-3036.

---

[1] The uncontroverted facts are taken from the record and viewed in the light most favorable to plaintiff.

## III. EXHAUSTION REQUIREMENT

The Kansas Administrative Regulations §§ 44-15-101 to 44-15-106 describe the grievance process for the Kansas Department of Corrections. In *Smith v. Rudicel*, the Tenth Circuit summarized the procedure:

> K.A.R. § 44-15-102 requires an inmate to first seek "information, advice, or help on any matter" from the inmate's unit team. *See* § 44-15-102(a)(1). If the inmate does not receive a response from the unit team within ten days of submission, he may send a grievance report to the warden without unit team signatures. *See* § 44-15-102(a)(2). If the inmate receives a response but does not obtain a satisfactory solution to the problem through the informal process within ten days, he may complete an inmate grievance report form and submit it to a staff member to transmit to the warden. *See* § 44-15-102(b). If he does not receive a satisfactory response from the warden after filing an appropriate report, the inmate may appeal to the Kansas Secretary of Corrections. *See* § 44-15-102(c)(1).

123 F. App'x 906, 907 (10th Cir. 2005).

Defendants claim that there is no evidence that the plaintiff appealed to the Kansas Secretary of Corrections. Plaintiff's only response is his claim that he "did exhaust [his] remedies." He does not attach or describe the appeal to the Secretary of Corrections. This is insufficient to meet his burden.

Moreover, an examination of the documents of the administrative proceedings referenced in plaintiff's complaint reveals his failure to complete the grievance process. Those administrative proceedings discuss several events involving plaintiff. Among the events cited is the September 27, 2004 incident presently at issue. No document in the referenced administrative proceedings indicates that plaintiff appealed the grievance procedure related to the September 27, 2004 incident to the Secretary of Corrections.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Dismissal (Doc. 29) is granted. The case is dismissed without prejudice.

Dated this 11th day of October 2006, at Kansas City, Kansas.

                                         s/ Carlos Murguia
                                         CARLOS MURGUIA
                                         United States District Judge