## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES E. VAN HOUTEN,       )
                            )
           **Plaintiff,**     )
                            )
**v.**                        )
                            )      **No. 06-3102-CM**
                            )
**HIXON, et al.,**          )
                            )
          **Defendants.**    )
                            )

## MEMORANDUM AND ORDER

Plaintiff James Van Houten brings this *pro se* civil rights action against defendants— (fnu) Hixon, (fnu) Hydecker, (fnu) Cline, (fnu) Stevens, (fnu) Galloway, (fnu) Smith, (fnu) O'Kelly, and (fnu) Dragoo—who are employees of the Kansas Department of Corrections.  Plaintiff is an inmate in El Dorado Correctional Facility.  Pending before the court is plaintiff's "Motion for Federal Court Order" (Doc. 38) and plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 40). Defendants did not file a response to either motion.

## I.     Background

On October 11, 2006 this court granted a motion to dismiss and entered judgment in favor of defendants.  On January 23, 2007, plaintiff filed a Notice of Appeal of that order.  The pending motions were filed after the Notice of Appeal.

## II.     Legal Analysis

Once a notice of appeal is filed, this court loses jurisdiction over the case to grant substantive motions.  *W.N.J. v. Yocom*, 257 F.3d 1171, 1172–73 (10th Cir. 2003) ("[A]s a general matter, a district court loses jurisdiction over a case once a notice of appeal has been filed.")  Jurisdiction over

collateral matters, such as attorney fees or clerical errors, may remain in the district court. *Id.* The party requesting that a federal court exercise its jurisdiction has the burden to show why the court has jurisdiction over the matter. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

Plaintiff's "Motion for Federal Court Order" (Doc. 38) requests that this court intervene to "order Larned Correctional Mental Health Facility to follow the codes and rules, as well as regulations of Constitutional Law." The basis of this request appears to be plaintiff's claim that the facility's staff denied plaintiff his legal paperwork, making him unable to "prepair [sic] any defense." Plaintiff does not, however, clarify whether this request is related to his notice of appeal—which alleges that plaintiff has "repeatedly shown cause that (KDOC) hasn't given [plaintiff] all [his] legal mail"—or if this request is separate from, or collateral to, matters now on appeal. Without this clarification, plaintiff fails to meet his burden to show that this court has jurisdiction. Plaintiff's "Motion for Federal Court Order" (Doc. 38) is denied.

On the other hand, this court has jurisdiction to hear plaintiff's Motion for Leave to Appeal in forma pauperis. *See* 28 U.S.C. § 1915(a); Fed. R. App. P. 24; *United States v. Sterling*, Nos. 06-6081, 06-6112, 2007 WL 962849, at *3 (10th Cir. Apr. 2, 2007) (discussing a district court's ruling on a motion for leave to appeal in forma pauperis). The court notes that plaintiff has provided a copy of his Inmate Account Statement, meeting his obligation under 28 U.S.C. § 1915(a)(2). Based on this information, plaintiff's Motion for Leave to Appeal in forma pauperis is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Federal Court Order" (Doc. 38) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 40) is granted.

Dated this 25th day of April, 2007, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**